UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Donald P. Snyder,** | ) | **CASE NO. 1: 11 CV 2275** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Pierre's French Ice Cream Co.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court upon Defendant's Motion for Reconsideration of Summary Judgment Ruling. (Doc. 26.) Defendant Pierre's French Ice Cream Company (Pierre's) moves for reconsideration of the Court's ruling denying its motion for summary judgment on count I of plaintiff's complaint alleging disparate treatment.[1] For the reasons stated below, Pierre's motion for reconsideration is granted. Upon reconsideration, Pierre's motion for summary judgment as to count I is granted.

**Standard of Review**

---

[1] The Court granted Pierre's motion for summary judgment as to plaintiff's hostile work environment claim alleged in count II.

The Federal Rules of Civil Procedure do not expressly provide for motions to "reconsider." Such motions are treated in this circuit as motions to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 382 (6th Cir. 1991). While "[i]t is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue,'" *(McConcha v. Blue Cross & Blue Shield Mut. of Ohio*, 430 F. Supp. 1182, 1184 (N.D. Ohio 1996)), a court may grant a motion to amend or alter judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Gencorp., Inc. v. Am. Int'l Underwriters*, 178 F.3f 804, 834 (6th Cir. 1999).

**Discussion**

Based on the arguments and evidence presented in the parties' original summary judgment briefs, the Court found there was sufficient evidence to make out a *prima facie* case of disparate treatment age discrimination because the evidence (when viewed in the light most favorable to plaintiff) was sufficient to show that Pierre's treated other younger union employees more favorably than plaintiff in regard to work opportunities that arose at Pierre's after plaintiff and other union employees were laid off from work in January 2010. The Court also found that sufficient evidence existed to demonstrate pretext because plaintiff submitted evidence indicating that Pierre's hired younger laid off union employees to part-time or seasonal positions after the January layoffs but did not offer him a similar work opportunity when he was next in line for such work according to union seniority.

2

Pierre's asks the Court to reconsider its ruling based on several clarifications.  Pierre's clarifies in its motion that James Crowder, Roberto Cruz, and Chris Pogozelski – the only union employees recalled to work by Pierre's after its January 2010 layoffs – were not recalled by Pierre's "solely for seasonal needs" as plaintiff stated in his motion for summary judgment.  Rather, these three union employees were recalled by Pierre's in May 2010 because, "based upon [Pierre's] business judgment, Pierre's anticipated that [its] projected new business would justify having these workers remain after the summer peak season." Pierre's clarifies that it recalled these three experienced union employees because its "staffing levels were expected to support [the] retention [of these employees] for at least four months." (Pierre's Mem. at 3-4.)  Pierre's also clarifies that its "production, staffing and operational needs have not justified the recall of additional, full-time union workers" other than Crowder, Cruz, and Pogozelski and that it "has met any additional, short-term needs with less expensive temporary workers" as it is entitled to do under the terms of the collective bargaining agreement.  (Plaintiff does not dispute that Pierre's is entitled under the collective bargaining agreement to use less expensive temporary workers for short-term needs.)

Pierre's also clarifies in its motion the circumstances in which it recalled Roberto Cruz to work in November of 2010, after Mr. Cruz was laid off from Pierre's a second time earlier in November.  Pierre's clarifies that Pierre's recalled Mr. Cruz to work again in November 2010 because it projected at the time that this recall, like its previous recalls of the three union employees in May 2010, would remain permanent and would not be merely temporary based upon its assessment of its staffing needs arising from medical leaves of absences taken by other employees.  In fact, Mr. Cruz has remained employed with Pierre's since his November

3

9, 2010 recall.  Thus, Pierre's motion for reconsideration clarifies that experienced union employees have only been recalled to work by Pierre's after the January 2010 layoffs in situations where Pierre's projected that a recall would be permanent in light of its staffing needs.  There is no dispute that Pierre's recalled union employees according to proper seniority order.  Other than Crowder, Cruz, and Pogozelski (who all had more seniority than plaintiff), Pierre's has not recalled any other bargaining unit employee, including plaintiff and two laid off union workers who are substantially younger than plaintiff.

      Pierre's clarifications make clear that Pierre's is entitled to summary judgment on count I of plaintiff's complaint.  The clarifications demonstrate that plaintiff cannot make out the fourth element of a *prima facie* case of disparate treatment age discrimination, requiring that a plaintiff show that he was treated differently than a "similarly-situated" younger employee.  Crowder, Cruz, and Pogozelski are not younger employees "similarly situated" to plaintiff because they were all recalled by Pierre's to permanent positions, not merely temporary or seasonal positions as plaintiff stated, and they all have more union seniority than plaintiff has.  Thus, they are not similarly situated to plaintiff in all relevant respects.  In light of their greater seniority, Crowder, Cruz, and Pogozelski were entitled to be recalled to permanent positions before plaintiff, and Pierre's has not treated any substantially younger employee with less seniority than plaintiff more favorably.  *See, e.g., Homes-Naples v. Girard Board of Education*, 212 F.Supp.2d 743, 750 (N.D. Ohio 2001) (noting that courts have found employees not to be similarly situated based on differing amounts of seniority).  Furthermore, as the Court previously found, the plaintiff is not similarly-situated to the temporary workers Pierre's hired through a third party employment agency to fill part-time, temporary, or

seasonal positions after the January 2010 layoffs because these "temporary" workers did not receive the same level of pay and benefits as full time union employees. (*See* Mem. of Op. and Ord. at 13-14.)

In light of Pierre's clarifications, plaintiff cannot demonstrate that any "similarly situated" younger employee was treated more favorably than he was. Plaintiff's *prima facie* case fails for this reason.

Plaintiff also cannot demonstrate that Pierre's asserted justification for failing to offer him an employment opportunity after his January 2010 layoff is a pretext for age discrimination in light of Pierre's clarifications. As discussed above, Pierre's clarifies that since its January 2010 layoffs, it has recalled only three union employees (Crowder, Cruz, and Pogozelski) and that the recalls of these employees were made in each instance only because Pierre's assessed a business need for a permanent employee. Pierre's clarifies that it has not assessed a business need for any other permanent employee other than the times it recalled Crowder, Cruz, and Pogozelski. Thus, plaintiff and two other younger union employees with less seniority than plaintiff have not been recalled by Pierre's.

In its opposition brief, plaintiff questions Pierre's assessments of its staffing needs. He contends that, contrary to Pierre's asserted assessments of its business needs, Pierre's sales levels justified recalling him in several instances (first in July 2010, when Pogozelski's employment was terminated for his refusal to take a drug test, and in three other instances between 2010 and 2012 when Pierre's hired temporary workers for various jobs). (Pltf. Opp. at 5.) Plaintiff contends Pierre's had sufficient work to support his recall. The Sixth Circuit, however, has made clear that a plaintiff cannot demonstrate pretext merely by second-

5

guessing a defendant's business decisions. *See Ortega v. Cosmair, Inc.*, Case No. 92-3655, 1993 WL 185183, at *7 (6th Cir. May 28, 1993). As the Sixth Circuit has acknowledged: "A [defendant's] business decision need not be good or even wise. It simply has to be nondiscriminatory, for the only kind of business decision that the ADEA prohibits is a business decision that discriminates against the aged." *Id.*, *quoting Fite v. First Tennessee Production Credit Ass'n*, 861 F.2d 884, 891 (6th Cir. 1988). Thus, while plaintiff disagrees with Pierre's assessments of its staffing needs and contends that Pierre's sales levels supported offering him a recall opportunity, the fact that plaintiff disagrees with Pierre's assessments of its staffing needs is insufficient to show pretext.

In sum, Pierre's has clarified that it has recalled union workers from lay off only when it assessed a business need for a permanent full-time employee and that it has not assessed a business need for any additional permanent full-time employees beyond its recalls of Crowder, Cruz, and Pogozelski. Plaintiff has not come forward with sufficient evidence to show that this asserted justification is false or pretextual.

Furthermore, "[a] defendant's proffered reason cannot be proved to be a pretext 'unless it is shown *both* that the reason was false, *and* that discrimination . . . was the real reason" for the challenged employment action. *Harris v. Metropolitan Gov't of Nashville and Davidson County*, 594 F.3d 476, 486 (6th Cir. 2010), citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). While the plaintiff submitted evidence on summary judgment indicating that his former supervisor, John Bittinger, made ageist comments toward him before he was laid off in January 2010 along with other younger bargaining unit employees, plaintiff has not pointed to evidence supporting a plausible

inference that plaintiff's age was the "real reason" he was not offered a recall opportunity after the layoffs.  Instead, plaintiff merely takes issue with Pierre's business judgments as to its staffing needs.  Plaintiff does not point to any similarly situated younger employee who was treated more favorably than he was.  And he does not point to any other evidence that supports a plausible inference that age discrimination was the real reason he was not recalled.

For all of the reasons stated above, Pierre's clarifications are persuasive to support reconsideration of the Court's prior ruling denying Pierre's motion for summary judgment on count I.  Upon reconsideration, in light of Pierre's clarifications, the Court finds that Pierre's is entitled to summary judgment on plaintiff's disparate treatment claim alleged in count I.  As discussed above, plaintiff cannot make out a *prima facie* case of age discrimination and has not come forward with evidence sufficient to demonstrate pretext.

**Conclusion**

For the reasons stated above, Pierre's motion for reconsideration is well-taken and is granted, and the Court's prior order is modified to grant Pierre's motion for summary judgment on plaintiff's disparate treatment age discrimination claim alleged in count I.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/21/13